NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT C. REZLER, JR., : | |
| : | |
| Plaintiff, : | |
| : | Civil No. 06-0586 (AET) |
| v. : | |
| : | **MEMORANDUM & ORDER** |
| TRAVELERS PROPERTY CASUALTY : | |
| INSURANCE, : | |
| : | |
| Defendants. : | |
| and : | |
| : | |
| TRAVELERS PROPERTY CASUALTY : | |
| INSURANCE, : | |
| : | |
| Third-Party Plaintiff, : | |
| : | |
| v. : | |
| : | |
| AMBER BEECH FARM, INC. and : | |
| HOLLY M. BINDER, : | |
| : | |
| Third-Party Defendants. : | |

THOMPSON, U.S.D.J.

I. Introduction

This matter comes before the Court on Defendant/Third-Party Plaintiff Travelers Indemnity Company's ("Travelers") Motion for Summary Judgment seeking a declaratory judgment of non-liability, and Plaintiff Reszler's Cross-Motion for Summary Judgment asserting Travelers' liability. The Court has decided this motion based upon the submissions of both parties, aided by oral argument on October 19, 2006. For the following reasons, Travelers'

Motion for Summary Judgement is granted, and Reszler's Cross-Motion is denied.

## II. Background

Virtually all of the material facts are undisputed. The suit stems from a contract dispute over insurance coverage. On July 3, 2003, Holly M. Binder and Robert C. Reszler had an horrific head-on car collision, where Binder crossed the centerline divider and hit Reszler. Both incurred serious injury. Binder was driving a car owed by her employer Amber Beech Farm Inc. ("Amber Beech"). In July 2004, Reszler filed a personal injury action in New Jersey State Court against Amber Beech and Binder for the debilitating injuries he incurred. In that suit, Reszler alleged that Binder drove the car negligently, and that Amber Beech was liable under respondeat superior.

Amber Beech's State Farm Insurance policy ("State Farm policy") covered the accident and issued a $100,000 payment. Amber Beech also holds a Travelers Commercial Excess Liability Insurance policy ("Travelers policy"). Reszler asserts that this policy provides $1 million of coverage for each occurrence of bodily injury sustained from an auto hazard that is in excess of other "underlying insurance" policies held by Amber Beech, including the State Farm policy.

Upon becoming aware of the Travelers policy, Reszler requested that Travelers provide coverage for the suit. Travelers failed to comply, and Reszler filed an action for declaratory judgment in New Jersey State Court, asserting the Travelers policy covered the cost of the injuries he sustained in excess of payment from the State Farm policy. Travelers removed the action to this Court on February 8, 2006.

III.  Discussion

Reconciling differing policy language to determine the breadth of coverage is an appropriate issue for a court to decide at the summary judgment stage.  See, e.g., Adron Inc. v. Home Ins. Co., 292 N.J. Super. 463, 473 (App. Div. 1996) (stating the "interpretation of an insurance contract is a question of law for the court to determine, and can be resolved on summary judgment").  A court should interpret the contract as a whole, taking care not to render any portion of that policy meaningless if possible.  See Prather v. Am. Motorist Ins. Co., 2 N.J. 496, 502 (1949); Goldberg v. Commercial Unions Ins. Co., 78 N.J. Super. 183, 190 (App. Div. 1963).  However, if an insurance contract is ambiguous, the ambiguity should be resolved in favor of the reasonable expectations of the insured, because of the adhesion nature of insurance contracts.  See, e.g., Voorhees v. Preferred Mut. Ins. Co., 128 N.J. 165, 172 (1992) ("because insurance policies are adhesion contracts, courts must assume a particularly vigilant role in ensuring their conformity to public policy . . . .  When the meaning of a phrase is ambiguous, the ambiguity is resolved in favor of the insured, and in line with an insured's objectively reasonable expectations.").

In assessing the Travelers policy, the Court concludes it is not ambiguous.  The "Endorsement" within the Travelers policy entitled "Restriction of Coverage" requires that for an insurance policy to receive excess coverage under the Travelers policy, the "underlying insurance" must be "shown on the Declarations" within the Travelers policy.  This is not simply a technicality, but rather a necessary requirement to provide notice to Travelers as to what coverage it is liable for, and informs Travelers the rate at which to charge its premiums. The State Farm policy covering the Binder-Reszler accident was not listed on the Declarations within

the Travelers policy.

Reszler argues that denying excess coverage over the State Farm policy frustrates the reasonable expectation of Amber Beech, who believed that the Travelers policy was excess over the State Farm policy.  Amber Beech's answer to an interrogatory asking what insurance applied to the Binder-Reszler auto accident, however, demonstrates that it did not believe the Travelers policy was excess to the State Farm policy or the accident: "[t]he only policy that may be liable to satisfy . . . a judgment . . . is the automobile policy issued by State Farm . . ." (Def.'s Reply, Ex. B.)

The Court, here, is obliged to interpret the words of the Travelers policy according to their plain meaning, and not fashion a better contract for either party.  Benjamin Moore & Co. v. Aetna Cas. & Sur. Co., 179 N.J. 87, 102 (2004); State v. Signo Trading Intern., Inc., 130 N.J. 51, 63 (1992).  Because the Travelers policy required the insured to list on the Declarations any insurance policy for which the insured desired to receive excess coverage, and the State Farm policy was not listed on the Declarations, the plain language of the Travelers policy does not cover the State Farm Policy, or the Binder-Reszler auto accident.

## IV. CONCLUSION

For the reasons given above, and for good cause shown,

It is on this 23rd day of October 2006,

**ORDERED** that Defendant Travelers' Motion for Summary Judgment is **Granted**, and

**ORDERED** that Plaintiff Reszler's Cross-Motion for Summary Judgment is **Denied**, and

**ORDERED** that Plaintiff Reszler's claim for declaratory judgment against Defendant Travelers is **Dismissed.**

                                                s/Anne E. Thompson
                                            ANNE E. THOMPSON, U.S.D.J.